COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Frank and Clements


SHERRELL CORPREW

                                                    MEMORANDUM OPINION[*]
v.         Record No. 0375-04-1                          PER CURIAM
                                                    SEPTEMBER 7, 2004
NORFOLK SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Marc Jacobson, Judge

        (Curtis T. Brown, on brief), for appellant.

        (Bernard A. Pishko, City Attorney; Adam D. Melita, Assistant City
        Attorney, on brief), for appellee.

        (Ashton H. Pully, Jr., Guardian *ad litem* for the minor child).[1]


        On January 27, 2004, the trial court entered an order terminating the parental rights of

Sherrell Corprew to her daughter pursuant to Code § 16.1-283(B) and 16.1-283(C)(2).  On

appeal, Corprew contends the trial court made no explicit finding that termination of her parental

rights was in the best interests of the child.  Upon reviewing the record and briefs of the parties,

we conclude this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

        A termination of parental rights pursuant to either Code § 16.1-283(B) or Code

§ 16.1-283(C)(2) requires a finding, upon clear and convincing evidence, that termination is "in

the best interests of the child."  Code § 16.1-283(B) and 16.1-283(C)(2).  Although the written

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Guardian *ad litem* requested leave to file a brief pursuant to Rule 5A:23(d).  The
Court has determined a brief unnecessary in this case.

statement of facts in this case did not state the trial court found termination was in the best interests of the child, the trial court's order terminating Corprew's parental rights states the trial court, based upon clear and convincing evidence, found it was in the child's best interests to terminate Corprew's parental rights. "[T]rial courts speak only through their written orders and . . . such orders are presumed to reflect accurately what transpired." McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001).

The record demonstrates the trial court made the necessary findings to support termination pursuant to Code § 16.1-283(B) and 16.1-283(C)(2).[2]  Accordingly, we affirm the trial court's ruling.

Affirmed.

---

[2] To the extent Corprew argues the trial court failed to consider certain factors in determining termination was in the child's best interests, the record does not reflect Corprew raised this argument in the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.