COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


RANDY LEON CANADY

v.      Record No. 2329-03-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE JOHANNA L. FITZPATRICK
NOVEMBER 9, 2004


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

J. Stephen Roberts, Sr., for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Randy Leon Canady (appellant) was convicted of distribution of cocaine in violation of

Code § 18.2-248. He contends the trial court erred by imposing a sentence on a probation violation

that exceeded the period allowed for his underlying conviction. Finding no error, we affirm.

I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App.

154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence proved that appellant was arrested on August 2, 1989 and indicted

on November 13, 1989 for distribution of cocaine in violation of Code § 18.2-248. Appellant pled

guilty to the charge. However, the trial court entered an order, dated November 29, 1989, that stated

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

he had been convicted of "Possession of Cocaine (Virginia Code Section 18.2-250) as charged in the Indictment" and ordered a pre-sentence report. The pre-sentence report reflected a plea of guilty to the charge of distribution of cocaine. The narrative of the offense also showed a hand-to-hand distribution to an undercover policeman. On February 23, 1990, the trial court entered a final order that stated appellant was convicted of "Distributing Cocaine." He was sentenced to fifteen years in prison with twelve years suspended. No appeal was taken from this order.

Appellant violated the terms of his probation and, on January 8, 2001, the trial court revoked the previously suspended twelve years, but re-suspended them. On August 1, 2001, the trial court again determined appellant had violated his probation and revoked the previously suspended twelve years, but re-suspended them. Finally, on June 13, 2002, the trial court determined appellant had violated his probation for a third time and at this hearing imposed the previously suspended twelve years. Each of the three probation violations listed the underlying offense as "Distribution of cocaine (F)."

## II.

Appellant contends that the trial court erred when it imposed a fifteen-year sentence because the November 29, 1989 order listed a finding of "possession" of cocaine rather than "distribution" of cocaine. Therefore, the original sentence exceeded the limits proscribed by law. We disagree.

"[T]rial courts speak only through their written orders and . . . such orders are presumed to reflect accurately what transpired." McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001). Rule 1:1 states in pertinent part: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated or suspended for twenty-one days after the date of entry and no longer." "An order is final . . . when it disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done in the case except to superintend ministerially the

execution of the order." Indiana Insurance v. Gross, 268 Va. 220, 220, 598 S.E.2d 322, 322 (2004) (citing Daniels v. Truck Corporation, 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)). "Conversely, an order is not final if further action is necessary in order to dispose of the entire subject matter." Id. at 220-21, 598 S.E.2d at 322 (citing Brooks v. Sanitation Authority, 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960)).

In the instant case, the order of November 29, 1989 was not a final order. A pre-sentence report was ordered before the trial court imposed a sentence. After the sentencing hearing, the trial court entered a final order in the case on February 23, 1990. This order delineated appellant's conviction as distribution of cocaine and imposed a sentence consistent with that finding. Appellant did not object at that time nor at any of the three subsequent probation violations to either the distribution of cocaine finding or the original sentence imposed. The language of the final order is consistent with appellant's indictment on the charge of distribution of cocaine in violation of Code § 18.2-248, and the sentence was within the proscribed limits for that felony.

Additionally, we note that the trial court, pursuant to a request and remand from this Court to determine whether there was a clerical error in the November 29, 1989 order, has now corrected that order to reflect a finding of distribution of cocaine in violation of Code § 18.2-248. Code § 8.01-428(B) provides that: "Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order."

Finding no error, we affirm.

Affirmed.