COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Annunziata


LARRY S. STOTLER

MEMORANDUM OPINION[*]
v.       Record No. 0023-08-4                                      PER CURIAM
                                                                  JULY 15, 2008
CHRISTINA M. DUVALL


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

(Larry S. Stotler, *pro se*, on briefs).

(Marilyn Ann Solomon, on brief), for appellee.


Larry S. Stotler (father) appeals the trial court's decision denying his petition to hold

Christina M. Duvall (mother) in contempt.  On appeal, father asserts that (1) mother should have

been held in contempt for violating the court's verbal order requiring her to inform father of the

child's doctor's visits; (2) the court erroneously considered his incarceration in deciding the

show cause motion; (3) a violation of the court order was sufficient to find the mother guilty of

contempt; (4) mother should have been held in contempt for violating the court's order

prohibiting overnight guests of the opposite sex; and (5) mother should have been sentenced to

jail.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

On August 28, 2006, the City of Winchester Circuit Court entered a final custody and

support order (order).  Among other rulings, the order held that neither party would have

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

unrelated, overnight guests of the opposite sex while the child was present. The order further held that mother was to file petitions for child support for her other three children and she was to notify father of any change of address.

On August 16, 2007, father filed a motion for show cause with the City of Winchester Juvenile and Domestic Relations District Court. He alleged that mother violated the order regarding cohabitation and failure to file the child support petitions. On September 20, 2007, the juvenile court found mother guilty of civil contempt of not filing child support petitions and not providing her address to father, but found the issue of cohabitation was moot. The juvenile court judge suspended a $50 fine, provided mother filed the child support petitions. Father appealed the ruling to the circuit court.

On October 19, 2007, father filed a motion for additional charges against mother to include her violation of the order requiring her to notify him of any address changes and that she did not notify father of every time that she took the child to the doctor.

On November 29, 2007, the circuit court heard the matter,[1] and on December 4, 2007, issued its order denying father's petition to hold mother in contempt. Mother testified that she filed the petitions for child support, which was satisfactory to the judge despite father's request for written proof. The court found that mother violated the court order regarding overnight guests, but the issue was moot because her boyfriend was deceased at the time of the hearing. The court further found that father was incarcerated for failure to pay child support. After his motion for reconsideration was denied, father appealed the circuit court's decision.

---

[1] Father filed a statement of facts. Mother objected to the statement of facts. The circuit court ruled that the statement of facts was "approved as filed subject to the defendant's objections which are sustained." For our purposes, we will assume that the statement of facts was approved by the circuit court as presented.

ANALYSIS

"'It is within the discretion of the trial court' to conduct civil contempt proceedings, thus we review the exercise of a court's contempt power under an abuse of discretion standard." Fisher v. Salute, 51 Va. App. 293, 303, 657 S.E.2d 169, 173 (2008) (quoting Petrosinelli v. People for Ethical Treatment of Animals, 273 Va. 700, 706, 643 S.E.2d 151, 154 (2007) (citations omitted)). The trial court decides whether to find a party guilty of contempt and impose sanctions. See Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

There was no abuse of discretion in this case. The trial court found that mother filed the required child support petitions, so she no longer was in violation of the order. The trial court further found that mother had violated the order regarding cohabitation, but her boyfriend was deceased and she was living with her mother. The trial court did not impose a jail sentence for mother because then both of the child's parents would be in jail, and the child would be forced to go into foster care.

Father argues that mother should be held in contempt for violating what he claimed to be a verbal order of the court to inform him of the child's medical appointments. However, a trial court speaks through its written orders. See McMillion v. Dryvit, 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008). There was no written order for mother to inform father of the child's medical appointments. The trial court did not address this issue, and neither shall this Court.

The record supports the trial court's denial of father's petition to hold mother in contempt of the August 28, 2006 final custody and support order. Accordingly, we summarily affirm the judgment, award attorney's fees to mother for this appeal, and remand to the trial court for a determination of the appropriate fee award. See Rule 5A:27.

Affirmed and remanded.