COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Petty and Senior Judge Bumgardner


KAREN A. DELUCA

                                                    MEMORANDUM OPINION[*]
v.      Record No. 3035-08-4                            PER CURIAM
                                                        JUNE 16, 2009
DENIS KATCHMERIC


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Leslie M. Alden, Judge

            (Karen A. DeLuca, *pro se*, on brief).

            (Michael A. Ward, on brief), for appellee.


        Karen A. DeLuca appeals the trial court's award of attorney's fees and sanctions against her.

DeLuca argues that the trial court erred by (1) not issuing a written statement of facts in compliance

with Rule 5A:8(d); (2) not providing details in its written statement of facts in order for this Court to

review its ruling; (3) relying on authority from the Court of Appeals of Virginia in its November 24,

2008 order; (4) violating her due process rights by entering the November 24, 2008 order; (5) not

allowing DeLuca to argue and introduce into evidence a tax court opinion; (6) refusing to hear and

dismissing with prejudice DeLuca's motions and arguments and enjoining DeLuca from filing

future motions without permission of the court; (7) violating the Eighth Amendment of the United

States Constitution because the provisions in the November 24, 2008 order contained excessive

fines and cruel punishment; (8) violating the First Amendment of the United States Constitution

because DeLuca was denied her right to petition the court with her grievances; (9) showing an

obvious and overwhelming bias in favor of Denis Katchmeric; and (10) failing to follow the Judicial

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Code of Conduct during the November 24, 2008 hearing. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

DeLuca and Katchmeric were divorced on June 25, 2004. DeLuca appealed certain rulings from the final decree to this Court, and we summarily affirmed the trial court and remanded the case to the trial court for an award of attorney's fees and costs to Katchmeric. See DeLuca v. Katchmeric, Record No. 1741-04-4 (Va. Ct. App. May 10, 2005). DeLuca appealed to the Supreme Court of Virginia, which dismissed her petition for appeal. See DeLuca v. Katchmeric, Record No. 051375 (Va. Sept. 27, 2005).

Due to DeLuca's noncompliance with the final decree, Katchmeric filed two motions to compel/motions for finding of contempt and sanctions. On November 19, 2004, the trial court entered an order granting Katchmeric's motions. DeLuca appealed the order, and we summarily affirmed the trial court and remanded the case to the trial court for an award of attorney's fees and costs to Katchmeric. See DeLuca v. Katchmeric, Record No. 3021-04-4 (Va. Ct. App. June 14, 2005). DeLuca appealed to the Supreme Court of Virginia, which dismissed her appeal. See DeLuca v. Katchmeric, Record No. 051693 (Va. Nov. 16, 2005).

Katchmeric filed a motion in the trial court to distribute the proceeds from the sale of real property. On February 4, 2005, the trial court entered an order of distribution. DeLuca appealed the order, and we summarily affirmed the trial court and remanded the case to the trial court for an award of attorney's fees and costs to Katchmeric. See DeLuca v. Katchmeric, Record No.

- 2 -

0482-08-4 (Va. Ct. App. Sept. 6, 2005).  DeLuca appealed to the Supreme Court of Virginia, which dismissed her petition for appeal.  See DeLuca v. Katchmeric, Record No. 052320 (Va. Feb. 15, 2006).

Katchmeric subsequently sought to have the trial court determine the amount of attorney's fees and costs that this Court and the Supreme Court of Virginia awarded him.  The trial court held a hearing on November 24, 2008, and entered an order.  The trial court awarded Katchmeric $11,150.84 in attorney's fees and costs incurred in defending the appeals.  It also sanctioned DeLuca and ordered her to pay $22,584.76 to Katchmeric.  The trial court ordered that the monies it held in escrow would be paid to Katchmeric for partial satisfaction of the above amounts.  The trial court dismissed with prejudice DeLuca's motions, and enjoined DeLuca from filing any further motions in this case or against Katchmeric without permission of the trial court.  DeLuca noted her objections and appealed the order, which is the subject of this appeal.

ANALYSIS

Questions Presented 1 & 2 – Written Statement of Facts

DeLuca argues that the trial court erred in deleting most of her proposed written statement of facts and in not including a summary of the proceedings before the trial court on November 24, 2008.

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).  There is no transcript of the November 24, 2008 hearing.  DeLuca submitted a proposed written statement of facts to the trial court and Katchmeric.  Katchmeric objected to DeLuca's written statement of facts because it did not include a summary of proceedings concerning the November 24, 2008 hearing; instead, Katchmeric argued that it contained DeLuca's "editorial comments" and descriptions of incidents that occurred before and after the hearing.  The trial court deleted the majority of

- 3 -

DeLuca's written statement of facts, so that it contained the following: "The hearing began at 10AM on 11/24/08 with Judge Leslie Alden presiding. The trial court entered a final order on November 24, 2008." The trial court signed and dated the written statement of facts.

DeLuca had the responsibility to provide an accurate statement of facts, testimony, and other incidents of the case, not a diatribe filed with commentary and irrelevant recitations. DeLuca failed to provide such a document. The trial court may "make any corrections [to the written statement of facts] that [it] deems necessary," Rule 5A:8(d), but it is not the trial court's responsibility to write an accurate statement of facts for an appealing party. Here, the trial court disagreed with DeLuca's written statement of facts and corrected it.

A trial court speaks through its written orders. See McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008).

We find that the written statement of facts and the trial court's orders are sufficient for us to review the questions presented.

### Questions Presented 3, 5, and 6 – Rule 5A:20(e)

DeLuca argues that the trial court erred by relying on this Court's authority for its rulings, not allowing her to introduce an opinion from a tax court into evidence, and dismissing with prejudice her motions and enjoining her from filing future motions without leave of the court. In her brief, DeLuca failed to provide any legal authority to support her assertions.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." DeLuca did not comply with Rule 5A:20(e) because her opening brief does not contain any principles of law, argument, or citation to legal authorities or the record to fully develop her arguments regarding Questions Presented 3, 5, and 6.

DeLuca has the burden of showing that the trial court committed reversible error. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore, this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that DeLuca's failure to comply with Rule 5A:20(e) is significant, so we will not consider Questions Presented 3, 5, and 6. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Question Presented 4 – Due Process

DeLuca argues that the trial court violated her due process rights when it entered the November 24, 2008 order. DeLuca's argument is based on a hearing held on June 29, 2007 and an order entered July 6, 2007. She argues that she did not receive sufficient notice of the June 29, 2007 hearing, and, because of the insufficient notice, it affected her rights at the November 24, 2008 hearing. DeLuca does not note this specific objection to the November 24, 2008 order.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v.

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply. Therefore, we will not consider this question presented.

Questions Presented 7, 8, 9, and 10 – Attorney's Fees and Sanctions Award

DeLuca argues that the trial court erred in awarding Katchmeric attorney's fees and sanctions against her. She contends that the award was excessive and violated the Eighth Amendment and First Amendment. She also argues that the trial court acted with bias and did not follow the Judicial Code of Conduct in issuing its order.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

DeLuca has appealed this matter multiple times. This Court and the Supreme Court of Virginia have awarded attorney's fees and costs to Katchmeric for defending DeLuca's appeals. The November 24, 2008 order carried out those orders and awarded attorney's fees and costs to Katchmeric. It also imposed sanctions against DeLuca for her numerous and frivolous court filings. We do not find that the trial court abused its discretion, nor does it appear that the trial court acted improperly in issuing its award.

- 6 -

CONCLUSION

We summarily affirm the ruling of the trial court. Rule 5A:27.

Katchmeric asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that Katchmeric is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by Katchmeric in this appeal.

Affirmed and remanded.