PRESENT:  All the Justices

JO ANN KNIGHTEN TEMPLE, ADMINISTRATOR
AND PERSONAL REPRESENTATIVE OF THE
ESTATE OF ELLIS ETHELBERT TEMPLE, SR.,
DECEASED
                                        OPINION BY
v.  Record No. 131754          JUSTICE DONALD W. LEMONS
                                     SEPTEMBER 12, 2014
MARY WASHINGTON HOSPITAL, INC., ET AL.


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                       Gordon F. Willis, Judge

    In this appeal, we consider whether the discovery rulings

made by the Circuit Court of the City of Fredericksburg ("trial

court") in a prior, nonsuited action are properly before us on

appeal.

                        I. Facts and Proceedings

    Jo Ann Knighten Temple ("Temple"), as Administrator of the

Estate of Ellis Ethelbert Temple ("decedent"), filed a complaint

in the trial court on February 2, 2010 (the "2010 action"),

alleging wrongful death and medical malpractice against Mary

Washington Hospital, Inc. ("MWH"), Fredericksburg Hospitalist

Group, P.C. ("FHG"), and Fredericksburg Emergency Medical

Alliance, Inc. ("FEMA")(collectively "defendants").  According

to the complaint, decedent arrived at MWH's emergency room

complaining of shortness of breath and chest pain.  He died from

cardiac arrest approximately four hours after arriving at the

hospital.

During the course of pretrial discovery, certain disputes arose. Temple filed her first motion to compel in January 2011, in which she requested production of MWH's policies and procedures related to the management, care and treatment of patients presenting with conditions such as the decedent, including cardiac monitoring. Temple also sought additional electronically stored information regarding decedent's evaluation and treatment.

MWH responded that its policies and procedures were irrelevant, inadmissible, and privileged under Code §§ 8.01-581.16 and 8.01-581.17. MWH also responded that every aspect of decedent's electronic medical record had already been produced, but to the extent Temple wanted additional information regarding the electronic charting system, MWH offered to make a corporate designee available for deposition.

The trial court denied the motion to compel, holding that MWH's policies and procedures were not relevant, would not lead to discoverable evidence, and were privileged under the statutes. Regarding the electronic data, the trial court found that all relevant documents had been disclosed. It noted that if Temple wanted additional information on the electronic storage and data, she was free to depose a corporate designee on that matter. It does not appear from the record that Temple

2

ever sought to depose a corporate designee regarding the electronic data issue.

Temple filed a second motion to compel on October 13, 2011, in which she asked the trial court to order MWH to produce its laboratory's reference range for test results measuring troponin, a protein complex indicating cardiac damage and the possibility of an impending heart attack. MWH responded that a document it had already produced, the manufacturer's guidelines, was the only document responsive to the request that did not fall under the trial court's previous ruling that MWH did not have to produce any of its policies or protocols. The trial court denied the motion to compel, and stated that it would accept counsel's representations that no other responsive documents existed.

Prior to trial, Temple took a voluntary nonsuit pursuant to Code § 8.01-380. The trial court entered an order nonsuiting the action on January 19, 2012. Temple then filed a new complaint in the same court and against the same defendants, alleging the same cause of action, on February 8, 2012 (the "2012 action"). On September 24, 2012, the trial court entered an agreed order to incorporate the discovery conducted and taken in the 2010 action. The order stated, "All discovery conducted and taken in the previous action that the Plaintiff brought

3

against the Defendants, bearing Case No.: CL10-47, is hereby incorporated into the instant action."

The case proceeded to trial in June 2013, and a jury returned a defense verdict. On July 15, 2013, Temple filed a motion for a new trial and to reconsider certain evidentiary rulings. In this motion, Temple challenged the evidentiary rulings the trial court made in the nonsuited action when it denied her two motions to compel. She attached as exhibits her motions to compel, MWH's opposition thereto, the transcripts of the hearings on the motions to compel, and the trial court's orders denying the motions to compel.

The trial court denied the motion for new trial, and Temple appealed to this Court. We granted Temple's appeal on the following assignments of error:

1.  The trial court erroneously sustained defense objections to the widow's discovery requests for the hospital's troponin reference ranges and internal policies.

2.  The trial court erroneously sustained defense objections to the widow's discovery requests for data and metadata regarding the decedent's electronically stored medical records.

II.  Analysis

A.  Standard of Review

The effect of the nonsuit and interpretation of the trial court's September 24, 2012 order are questions of law which we consider de novo. See Conyers v. Martial Arts World of

4

<u>Richmond, Inc.</u>, 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

Generally, we review the trial court's grant or denial of discovery requests under an abuse of discretion standard. <u>O'Brien v. Langley Sch.</u>, 256 Va. 547, 552, 507 S.E.2d 363, 366 (1998). A trial court's decisions on such matters will generally not be reversed on appeal unless the action taken was improvident and affected substantial rights. <u>Id.</u>

### B. Effect of Nonsuit

The defendants argue that Temple cannot appeal the trial court's rulings on the discovery disputes in the 2010 action because the agreed order only incorporated the "discovery conducted and taken" in the prior action, but not the motions, objections, rulings and orders from the 2010 action. They contend that without an order incorporating the trial court's rulings from the 2010 action into the 2012 action, those rulings are not part of the 2012 action and therefore are not before the Court in this appeal.

Temple responds that the agreed order incorporating "all discovery conducted and taken" was sufficient to also incorporate all of the parties' motions and objections, as well as the trial court's rulings related to the discovery disputes. She also argues that the parties' comments in a hearing on May 21, 2013, which was part of the 2012 action, demonstrated their

5

understanding that all arguments and rulings from the nonsuited action were binding in the 2012 action.

Code § 8.01-380 governs nonsuits, and allows a plaintiff to take one nonsuit as a matter of right if done "before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Code § 8.01-380(A). We have always characterized a refiled action after a nonsuit as a "new" action. Laws v. McIlroy, 283 Va. 594, 600, 724 S.E.2d 699, 702 (2012). A "new action stands independently of any prior nonsuited action." Id. (quoting Antisdel v. Ashby, 279 Va. 42, 47, 688 S.E.2d 163, 166 (2010)). The "action" that remains subject to a plaintiff's nonsuit request is comprised only of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case. Dalloul v. Agbey, 255 Va. 511, 513-14, 499 S.E.2d 279, 281 (1998).

The right to take a nonsuit is a powerful tactical weapon in the hands of a plaintiff. See Inova Health Care Servs. v. Kebaish, 284 Va. 336, 344, 732 S.E.2d 703, 707 (2012)(citation omitted). Temple chose to exercise her right to take a voluntary nonsuit. However, once she did so, it was as if the 2010 action had never been filed, as a nonsuit "leaves the situation as if the suit had never been filed." Winchester

6

*Homes Inc. v. Osmose Wood Preserving, Inc.*, 37 F.3d 1053, 1058 (4th Cir. 1994)(applying Code § 8.01-380).  For any aspect of the 2010 action to be incorporated into the 2012 action, an order had to explicitly permit it.

The trial court entered an agreed order in the 2012 action that incorporated "all discovery conducted and taken" in the 2010 action.  Discovery is the process by which facts resting within the knowledge of one party are disclosed to another party in a suit or proceeding in court.  See *Lyons v. Miller*, 47 Va. (6 Gratt.) 427, 442 (1849)(monographic note).  Our rules dictate that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Rule 4:1(b)(1).  Rule 4:1(a) explains that:

> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents, electronically stored information, or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission.

Although parties may file motions to compel and raise objections while they are engaged in the discovery process, the motions, objections, and trial court orders do not constitute discovery.  When the trial court incorporated "all discovery

7

conducted and taken" in the 2010 action, the interrogatories, depositions, documents, and requests for admissions from the 2010 action were incorporated into the 2012 action. This had the obvious and salutary effect of avoiding the need to repeat the discovery activities and reproduce the same information previously exchanged between the parties. However, the order did not incorporate the motions to compel, the objections, transcripts of the hearings or the trial court's rulings on the motions. Without such incorporation following a nonsuit, it is as if those motions, objections, and rulings never existed since the 2012 action is "new" and "stands independently of any prior nonsuited action." Laws, 283 Va. at 600, 724 S.E.2d at 702.

Temple argues that the parties' and the trial court's comments in a hearing on May 21, 2013 demonstrated their understanding that all arguments and rulings from the nonsuited action were binding in the 2012 action. This Court has stated on numerous occasions, however, that trial courts speak only through their written orders and that such orders are presumed to reflect accurately what transpired. Petrosinelli v. PETA, Inc., 273 Va. 700, 709, 643 S.E.2d 151, 156 (2007); McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); see also Waterfront Marine Constr., Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B, and C, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996); Stamper v. Commonwealth,

8

220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979). The September 24, 2012 agreed order did not expressly incorporate the motions, objections, or rulings made by the trial court in the 2010 nonsuited action into the 2012 action; consequently those rulings cannot be challenged in this appeal. Accordingly, we cannot reach the merits of Temple's assignments of error.

### III. Conclusion

For the reasons stated, we will affirm the judgment of the trial court.

<u>Affirmed.</u>