COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

MERLEY JEAN DORESTAL

v.      Record No. 0128-17-2

SPOTSYLVANIA COUNTY
  DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 10, 2017

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

(Vanessa R. Jordan, on brief), for appellant.

(Robert F. Beard; Elizabeth Carpenter-Hughes, Guardian *ad litem* for
the minor child; Vanderpool, Frostick & Nishanian, P.C.; Williams
Stone Carpenter Buczek, PC, on brief), for appellee.


Merley Jean Dorestal (mother) appeals the orders terminating her parental rights to her child

and approving the goal of adoption for the child. Mother argues that the trial court erred by

(1) "denying [her] Motion to Strike, thereby finding that the Department of Social Services made a

prima facie case to support the emergency removal;" (2) "finding that the Department of Social

Services' Emergency Removal of [mother's] child was appropriate, thereby granting/upholding the

Department's Emergency Removal Petition;" and (3) "granting/upholding the Department of Social

Services' Petition for Termination of [her] Parental Rights." Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm

the decision of the trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Mother is the biological mother to B.R., who was born in November 2002. On May 20, 2014, the Prince William County Circuit Court terminated mother's parental rights to B.R. pursuant to Code § 16.1-283(B) and (C)(2).

Mother and Marc Louis (father) are the biological parents to D.L., who was born in May 2013. On March 23, 2015, the Prince William County Circuit Court terminated mother's parental rights to D.L. pursuant to Code § 16.1-283(E)(i).[1]

Father and mother also are the biological parents to P.L., who was born in June 2014 and is the subject of this appeal. In the early morning hours of August 5, 2015, the police responded to father and mother's home for a domestic violence incident. Both father and mother were intoxicated, and the home smelled of marijuana. The police placed father and mother under arrest. The police contacted the Department of Social Services (the Department), and a social worker arrived at the house at 1:30 a.m. The social worker spoke with mother and father. Father told the social worker that mother, her adult daughter, and her daughter's boyfriend were smoking marijuana in the presence of the child, which prompted the altercation. The social worker noticed that there were beer bottles scattered throughout the home. There was no carpeting on the second floor, but there were tack strips along the side of the wall. Mother and father told the social worker that mother's adult daughter was a possible placement for P.L., but

---

[1] On July 21, 2015, the Prince William County Circuit Court terminated father's parental rights to D.L. pursuant to Code § 16.1-283(C)(2).

she had been charged with possession of marijuana and was not a suitable placement. Consequently, the Department removed P.L. and placed her in foster care.

In an effort to arrange visitation with the child, the Department told mother that she needed to have a clean drug screen before she could visit with the child. Mother told the social worker that she smoked marijuana an average of two times per week and that it would take at least a month for the drugs to leave her system. The Department scheduled a drug screen and visitation, but mother cancelled because she said that she could not find her keys. Visitations stopped once the Spotsylvania County Juvenile and Domestic Relations District Court (the JDR court) found that reasonable efforts were not required.

The Department searched for relatives as potential placements for the child. They mailed out 198 letters to possible relatives. Initially, the Department did not receive any responses, but subsequently, they heard from a maternal aunt who lived in Florida. The maternal aunt filed a petition for custody, and the Department started the process of background checks and a home study through the Interstate Compact on the Placement of Children (ICPC). The maternal aunt's home was not approved for placement. The Department also examined the possibility of placement with the child's adult brother and his girlfriend, but determined that the placement would not be suitable due to "unstable housing and finances."

On October 2, 2015, the JDR court entered an adjudicatory order finding that the child was abused or neglected, or at risk of abuse and neglect due to prior adjudication of abuse and neglect for another child.

On October 15, 2015, the Department filed a petition to terminate mother and father's parental rights to P.L. On November 6, 2015, the JDR court entered an order terminating mother and father's parental rights to P.L. pursuant to Code § 16.1-283(E)(i). The JDR court also approved the goal of adoption for P.L.

- 3 -

Father and mother appealed the adjudicatory, termination, and permanency planning orders. On April 5, 2016, the parties appeared before the trial court. At the conclusion of the Department's evidence, mother made a motion to strike, which the trial court denied. At the conclusion of the hearing, the trial court terminated father and mother's parental rights pursuant to Code § 16.1-283(E)(i) and approved the goal of adoption. This appeal followed.[2]

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

*Assignments of error #1 and 2*

Mother argues that the trial court erred in denying her motion to strike and finding that the emergency removal of the child was appropriate. Mother contends "the Department did not make a prima facie case to support the emergency removal" because there was insufficient evidence to prove that the child was abused or neglected.

Code § 16.1-228 defines an abused or neglected child as any child

> 1. Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions . . .
>
>     . . . .

[2] Father also appealed the trial court's orders terminating his parental rights and approving the goal of adoption. See Louis v. Spotsylvania Cty. Dep't of Soc. Servs., Record No. 0127-17-2.

- 4 -

5. Who is without parental care or guardianship caused by the unreasonable absence or the mental or physical incapacity of the child's parent, guardian, legal custodian, or other person standing in loco parentis . . . .

Mother argues that the trial court erred in finding P.L. an abused or neglected child because there were no injuries on the child when she was removed from the home. However, "the statutory definitions of an abused or neglected child do not require proof of actual harm or impairment having been experienced by the child. The term 'substantial risk' speaks *in futuro* . . . ." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1183, 409 S.E.2d 16, 19 (1991).

Code § 16.1-241(A)(2a) states that a juvenile and domestic relations district court has jurisdiction over matters involving a child "[w]ho is at risk of being abused or neglected by a parent or custodian who has been adjudicated as having abused or neglected another child in the care of the parent or custodian."

The Department presented evidence that mother's parental rights had previously been terminated to two other children. Mother's parental rights to one of the children, B.R., were terminated pursuant to Code § 16.1-283(B) and (C)(2). Code § 16.1-283(B) concerns an abused or neglected child.

This child, P.L., was at risk of being abused or neglected because of the conditions of the parents and the home at the time of the removal. The police were called to the residence because mother and father were fighting. When the police arrived, they heard yelling and screaming. Father was holding mother down on the floor. He had large lumps on his forehead and bite marks on his shoulder and rib area. Both parents were intoxicated, and the home smelled like marijuana. Father said that mother, her adult daughter, and her boyfriend had been smoking marijuana. Mother later admitted to the social worker that she smoked marijuana at least twice per week. The Department offered into evidence photographs of the condition of the home. There were trash bags and beer

bottles throughout the home.  There were exposed carpet tacks on the second floor.  The police arrested mother and father.

Since mother and father were arrested, the Department assumed custody and sought an emergency removal order.  Mother asserts that instead of being removed from the home, the child should have been left in the care of mother's adult daughter.  The police charged mother's adult daughter and her boyfriend with possession of marijuana, so they were not a suitable placement.

The trial court stated that if the Department had left the child in the home, "it would have been actionable negligence on their part."  The trial court found that P.L.'s home was "unsuitable," "disheveled," and "nearly uninhabitable, especially for a small child."  The trial court also held that "marijuana had been used in this home more than on this single occasion" of August 5, 2015.

Contrary to mother's arguments, the trial court did not err in denying her motion to strike and finding that the removal was appropriate.  The record supports the findings that mother's adult daughter was not a suitable placement for the child, and the child was at substantial risk if she were to stay in the home.

*Assignment of error #3*

Mother's third assignment of error states, "The trial court erred by granting/upholding the Department of Social Services' Petition for Termination of Appellant's Parental Rights."[3]  The trial court terminated mother's parental rights pursuant to Code § 16.1-283(E)(i), which states that a parent's parental rights "may be terminated by the court if the court finds, based upon clear

---

[3] In the argument section of her brief, mother also argues that the trial court "failed to consider placing the child with the maternal aunt, either as a suitable alternative to termination, or as a post-termination alternative to the goal of adoption."  Since this argument was not expressed as an assignment of error, this Court will not address the argument on appeal.  See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the [assignments of error] . . . we, therefore, decline to consider [it] on appeal").

and convincing evidence, that it is in the best interests of the child and that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated." Mother does not contest that her parental rights to B.R. and D.L. were previously terminated. In fact, her parental rights to D.L. were terminated less than five months prior to P.L.'s removal.

Mother also argues that the trial court failed to make a finding that the termination of mother's parental rights was in the child's best interests. However, the order entered by the trial court states, "It is in the child's best interests that the residual parental rights of the above-named parent be terminated." A trial court speaks through its written orders. See McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008).

Considering the circumstances of the case, the trial court did not err in terminating mother's parental rights to P.L. pursuant to Code § 16.1-283(E)(i).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.