## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

John Kinney
and Sandra V. Kinney

v.

Williamscraft, Inc.

November 30, 1988

Case No. L-88-464

By JUDGE WILLIAM H. LEDBETTER, JR.

The Kinneys have filed a motion for judgment asserting claims arising out of a construction contract with Williamscraft. Williamscraft has filed a counterclaim on account of certain allegedly defamatory statements made by the Kinneys to government agencies concerning Williamscraft's purported refusal or failure to make necessary repairs under the contract warranties. The Kinneys have demurred to the counterclaim, and Williamscraft has filed a motion to dismiss the demurrer.

The court heard arguments on the demurrer on November 21, 1988, and took the matter under advisement. This opinion addresses that demurrer.

As grounds for the demurrer, the Kinneys contend that (1) the communications referred to in the counterclaim are "privileged communications" and as such cannot provide the basis for a cause of action for defamation, and (2) the allegations are insufficient to support a claim for punitive damages.

According to recognized principles, in considering the demurrer, the court accepts as true all facts alleged in the pleading and all facts reasonably inferable from the stated allegations.

In its counterclaim, Williamscraft alleges that the Kinneys made certain false statements to officials of the Farmers Home Administration, the Virginia Board of Contractors, the Virginia Office of Consumer Affairs, and the Office of State Building Codes, about Williamscraft's failure to perform certain warranty work on the Kinneys' home. Williamscraft alleges that the statements were "false," were published by the Kinneys "with the knowledge" that they were false or "with reckless disregard" of truth or falsity, that the statements were made "with actual malice," and that the statements caused injury to Williamscraft.

The law recognizes certain communications as privileged and thus not within the rules imposing liability for defamation. The defense of privilege is a matter of public policy, the idea being that by reason of a public or social interest that is entitled to protection, immunity is granted from liability for defamation that otherwise would be actionable. 50 Am. Jur. 2d, *Libel and Slander* § 192.

Privileged communications are divided into two general classes, namely, those that are absolutely privileged, and those that are afforded a qualified or conditional privilege.

Absolute privilege relates to proceedings of legislative bodies, judicial bodies, military and naval officers, and other acts of the government itself. It is the occasion of the publication, rather than the publication itself, which is determinative of whether the communication is entitled to absolute privilege. 12A M.J., *Libel and Slander* sec. 19. Courts in some jurisdictions have extended the absolute privilege to proceedings before regulatory and administrative bodies; however, Virginia has refused to extend the absolute privilege to administrative hearings which are not clearly quasi-judicial in nature. *See Elder v. Holland*, 208 Va. 15 (1967), commented on in 3 U. Rich L. Rev. 202 (1969).

A qualified or conditional privilege is available where the statement is made in good faith on a subject matter in which the person communicating it has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest, on a privileged occasion, and in a manner and under circumstances fairly warranted by the occasion and by the duty, right, or inter-

est. The essential elements are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. In any case, in order to be protected by the privilege, the words must be used in good faith, without actual malice. *Rosenberg v Mason*, 157 Va. 215 (1931). In other words, malice defeats a qualified or conditional privilege. *Gazette, Inc. v. Harris*, 229 Va. 1 (1985); *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142 (1985).

In this case, the Kinneys' communications, as alleged in the counterclaim, obviously were not made as part of any proceeding of a legislative or judicial body, were not made in connection with a military proceeding, and were not acts of government. Therefore, no absolute privilege attaches. Even assuming that the Kinneys' complaints to all or some of the recipient agencies could be classified as a "proceeding," *Elder v. Holland, supra*, clearly instructs us that such an administrative or regulatory "proceeding" is neither a judicial nor a quasi-judicial hearing to which absolute privilege attaches.

Whether any or all of the alleged communications are entitled to a qualified privilege depends on many things, as discussed above, and the court cannot decide that question at this stage of the case. The courts are in substantial agreement that the issue of privilege in defamation cases is not ordinarily available on demurrer, especially where it is clear on the face of the pleading that the publication complained of is not entitled to an absolute privilege. *See* Annotation, 51 A.L.R.2d 552 (1957). In any event, the counterclaim alleges *actual malice*, which, if true, would defeat a qualified privilege.

For the reasons explained, the court is of the opinion that the communications alleged in the counterclaim are not of the type that would be shielded by absolute privilege; and, even if protected by a qualified or conditional privilege, which the court does not decide here, such a privilege would be defeated by actual malice, the existence of which Williamscraft has specifically alleged. Accordingly, the counterclaim states a cause of action for defamation under the circumstances of this case.

Next, the Kinneys contend that the counterclaim does not set forth a basis for a claim of punitive damages.

Without discussing in full the law of damages in defamation cases, it suffices to observe that punitive damages are not available in defamation cases without "*New York Times* malice" shown by clear and convincing proof. *Great Coastal Express v. Ellington, supra.* This standard is also sometimes called "actual malice" and includes a statement made with knowledge of its falsity or with reckless disregard for the truth.

Here, the counterclaim alleges that the statements were false and were published with actual malice, with knowledge of their falsity or a reckless disregard for their truth. This states a claim upon which punitive damages are recoverable.

Therefore, the demurrer will be overruled, and the Kinneys shall have twenty-one days from the date of the order within which to file responsive pleadings to the counterclaim.