Present:  All the Justices

ROSA FUSTE, M.D., ET AL.

v.  Record No. 020628  OPINION BY JUSTICE CYNTHIA D. KINSER
                              January 10, 2003
RIVERSIDE HEALTHCARE ASSOCIATION,
INC., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge


In this appeal, the primary issue is whether alleged

defamatory communications are statements of fact or

expressions of opinion.  Because we conclude that certain

of the alleged statements contain provably false factual

connotations while other alleged statements are dependent

upon the speaker's viewpoint, we will reverse, in part, and

affirm, in part, the judgment of the circuit court

sustaining a demurrer.

MATERIAL FACTS AND PROCEEDINGS

The circuit court decided this case on a demurrer.

Consequently, we recite the facts as alleged in the

pleadings.  McMillion v. Dryvit Systems, Inc., 262 Va. 463,

465, 552 S.E.2d 364, 365 (2001).  However, since the court

sustained a demurrer to a second amended motion for

judgment, which is complete and does not incorporate by

reference allegations in the prior motions for judgment, we

address only the allegations presented in the second

amended motion for judgment.  Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000).  In doing so, we consider not only the facts stated but also those that are reasonably and fairly implied in the light most favorable to the nonmoving parties, Rosa M. Fuste, M.D., and Tien L. Vanden Hoek, M.D., the plaintiffs. McMillion, 262 Va. at 465, 552 S.E.2d at 365; Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 137 (2001).

Dr. Fuste and Dr. Vanden Hoek were employed as pediatricians by Riverside Healthcare Association, Inc. (RHA), from 1994 until 1999.  In 1999, a dispute arose between the plaintiffs and RHA which resulted in both doctors terminating their employment with RHA.  Drs. Fuste and Vanden Hoek did not open a new medical practice until February 2000.

Subsequently, the plaintiffs filed a second amended motion for judgment against RHA, Riverside Hospital, Inc. (Riverside Hospital), Riverside Physician Services, Inc. (RPS) (collectively the Riverside defendants), Peninsula Healthcare, Inc. (PHI), and Healthkeepers, Inc. (Healthkeepers).  Although the plaintiffs asserted claims of wrongful discharge, defamation, and conspiracy to injure

both doctors in the practice of their profession, the only issue on appeal concerns the allegations of defamation.

As to that claim, the plaintiffs asserted that, after they left their employment with RHA, the defendants and their agents defamed them in order to harm the plaintiffs' new medical practice. Specifically, Drs. Fuste and Vanden Hoek alleged that Barry Gross and Dr. Eugene Temple, acting within the course and scope of their employment with RHA and as agents of the other Riverside defendants, along with C. Burke King and Mae Ellis Terrebonne, officers of Healthkeepers and PHI who were also acting in the course and scope of their employment, informed patients, agents of other hospitals, and credentialing officials at Mary Immaculate Hospital and Sentara Hampton General that Drs. Fuste and Vanden Hoek were "unprofessional" and "uncooperative," that they had "left suddenly" and "abandoned their patients," and that there were "concerns about their competence." The plaintiffs alleged that some of these false statements were made to individuals within the organizations who then repeated them to others outside the organizations.

Continuing, the plaintiffs alleged that one caller to Healthkeepers was told by someone named "Theresa" that Drs. Fuste and Vanden Hoek would "never be put back on the

Healthkeepers list of providers because of the way they left Riverside."  Parents and grandparents of the plaintiffs' former patients who inquired of "Riverside Pediatrics"[1] as to the plaintiffs' whereabouts were informed that Drs. Fuste and Vanden Hoek had "left suddenly," "were not able to work in the area," and "their whereabouts were unknown."  One caller also asked an individual at Healthkeepers about the plaintiffs and was told that they had "left suddenly and that she should find another pediatrician."

Finally, the plaintiffs alleged that an employee of Riverside contacted one of their prospective staff members and stated that "Dr. Fuste's and Vanden Hoek's new practice would be immediately shut down the day it opened, and that if she took a job there she would never have a future job with Riverside."  The plaintiffs alleged that all these statements were made intentionally, maliciously, and in bad faith to injure them in the practice of their profession.

The defendants filed demurrers to the second amended motion for judgment.  After considering memoranda and argument of counsel at a hearing on the demurrers, the

---

[1] In several paragraphs of the second amended motion for judgment, the plaintiffs refer to "Riverside Pediatrics."  However, they did not identify any of the named defendants by that term.

4

circuit court, recognizing that it must view the pleading in the light most favorable to the plaintiffs, nevertheless concluded that the second amended motion for judgment did not state claims for wrongful discharge, defamation, or conspiracy.  Specifically with regard to the allegations of defamation, the court stated that "[t]he defamatory statements as alleged, on balance, appear to be opinion[s] by and between people involved in the health care field." Incorporating its reasons stated from the bench, the court subsequently entered an order sustaining the demurrers and dismissing the case with prejudice.  This appeal followed.

ANALYSIS

Our review of a circuit court's judgment sustaining a demurrer is guided by well-settled principles.  The purpose of a demurrer is to test the legal sufficiency of a pleading.  Welding, Inc. v. Bland County Service Authority, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001).  "A demurrer admits the truth of all properly pleaded material facts. 'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading.' " Ward's Equipment, Inc. v. New Holland N. America, Inc., 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (quoting Fox v. Custis, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988)).  However, a demurrer does not admit the

5

correctness of the conclusions of law found in the challenged pleading.  Id.  On appeal, a plaintiff attacking a trial court's judgment sustaining a demurrer need show only that the court erred, not that the plaintiff would have prevailed on the merits of the case.  Thompson v. Skate America, Inc., 261 Va. 121, 128, 540 S.E.2d 123, 127 (2001).

The plaintiffs assert that the circuit court erred in finding that the defamatory statements alleged in the second amended motion for judgment were merely opinions and therefore not actionable as defamation or defamation per se.  Conversely, the defendants claim that the alleged statements cannot form the basis of a cause of action for defamation because they were either mere expressions of opinion or privileged communications.  The defendants also argue that the plaintiffs failed to identify the circumstances and details of the alleged defamatory communications and that such failure is fatal to their case.

At common law, defamatory words that "prejudice [a] person in his or her profession or trade" are actionable as defamation per se.  Carwile v. Richmond Newspapers, Inc., 196 Va. 1, 7, 82 S.E.2d 588, 591 (1954).  A defamatory statement may be made "by inference, implication or

insinuation." Id., 82 S.E.2d at 592. However, "[p]ure expressions of opinion, not amounting to 'fighting words,' " are protected by the First Amendment of the Constitution of the United States and Article 1, § 12 of the Constitution of Virginia. Chaves v. Johnson, 230 Va. 112, 119, 335 S.E.2d 97, 101-02 (1985). Thus, "speech which does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action."[2] Yeagle v. Collegiate Times, 255 Va. 293, 295, 497 S.E.2d 136, 137 (1998), accord WJLA-TV v. Levin, 264 Va. 140, 156, 564 S.E.2d 383, 392 (2002).

Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion. Chaves, 230 Va. at 119, 335 S.E.2d at 101. Whether an alleged defamatory statement is one of fact or opinion is a question of law and is, therefore, properly decided by a court instead of a jury. Id., 335 S.E.2d at 102.

---

[2] In Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-21 (1990), the Supreme Court of the United States declined to exclude, in all instances, statements of opinion as the basis for a common law defamation cause of action.

Applying these principles, we hold that the alleged statements that Drs. Fuste and Vanden Hoek "abandoned" their patients and that there were "concerns about their competence" not only prejudice the doctors in the practice of their profession, see Carwile, 196 Va. at 7, 825 S.E.2d at 591, but also contain "a provably false factual connotation." WJLA-TV, 264 Va. at 156, 564 S.E.2d at 392. In other words, they are capable of being proven true or false. For example, evidence could be presented to show whether there were, in fact, concerns about the plaintiffs' competence. Similarly, since the term "abandon" has a particular connotation in the context of a doctor's professional responsibility to a patient, see Rosen v. Greifenberger, 257 Va. 373, 380, 513 S.E.2d 861, 865 (1999) (a doctor has a duty to continue services to a patient after accepting employment and cannot thereafter voluntarily "abandon" a patient); Vann v. Harden, 187 Va. 555, 565-66, 47 S.E.2d 314, 319 (1948)(same), the statement that Drs. Fuste and Vanden Hoek "abandoned" their patients is demonstrably true or false. See Blue Ridge Bank v. Veribanc, Inc., 866 F.2d 681, 685 (4th Cir. 1989) (a speaker's choice of words and the context of an alleged defamatory statement within the speech as a whole are

8

factors to consider when deciding if a challenged statement is one of fact or opinion).

Therefore, these alleged statements may form the basis of a cause of action for defamation per se. The remaining alleged statements are either dependent on the speaker's viewpoint and are, therefore, expressions of opinion, see Chaves, 230 Va. at 119, 335 S.E.2d at 101, do not prejudice the doctors in their professions, see Carwile, 196 Va. at 7, 82 S.E.2d at 591, or, taken "in their plain and natural meaning," are not defamatory. Id.

Nevertheless, the defendants argue that the circuit court did not err in sustaining the demurrer because the plaintiffs failed to allege that Gross, Temple, King and Terrebone were acting within the scope of their employment with, or as agents of, any of the named defendants. They also assert that the plaintiffs did not identify to whom, by whom, and under what circumstances the alleged defamatory statements were made. However, upon reviewing the second amended motion for judgment, we conclude that the plaintiffs sufficiently pled the circumstances and details of the alleged communications to withstand challenge at the demurrer stage of the proceeding below.

In paragraph 34 of the second amended motion for judgment, the plaintiffs alleged that "Defendants, through

9

their agents, intentionally combined and conspired with each other to harm Plaintiffs' business maliciously and willfully."  In that same paragraph, the plaintiffs identified Gross, Temple, King and Terrebone as those agents and alleged that each was acting within the scope of his or her employment.  Further, the second amended motion for judgment gives the exact words allegedly used by Gross, Temple, King, and Terrebone, or those acting at their direction, i.e., that the doctors "abandoned their patients" and that there were "concerns about their competence."

Contrary to the defendants' argument, our decision in Federal Land Bank of Baltimore v. Birchfield, 173 Va. 200, 3 S.E.2d 405 (1939), does not require that a pleading alleging defamation identify to whom the statements were made and under what circumstances.  In that case, we held that "[g]ood pleading requires that the exact words spoken or written must be set out in the declaration in haec verba.  Indeed, the pleading must go further, -- that is, it must purport to give the exact words."  Id. at 215, 3 S.E.2d at 410.  However, details such as the time and place of the alleged communication, the name of a defendant's agent, and the names of the individuals to whom the defamatory statement was purportedly communicated can be

provided in a bill of particulars if not included in a plaintiff's pleading.[3]  Id. at 217, 3 S.E.2d at 411.

Finally, the defendants argue that any statements allegedly made by them during their own credentialing process or to the credentialing officials at other hospitals were privileged and are, therefore, not actionable.  While we have applied the doctrine of qualified privilege in cases involving alleged defamatory statements made "between persons on a subject in which the persons have an interest or duty," we have also held that this qualified privilege may be defeated by proof that the defamatory statements were made maliciously.  Larimore v. Blaylock, 259 Va. 568, 572, 528 S.E.2d 119, 121 (2000); accord Chalkley v. Atlantic Coast Line R.R. Co., 150 Va. 301, 306, 143 S.E. 631, 632 (1928).  Malice sufficient to overcome a qualified privilege is "behavior actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made."  Gazette,

---

[3] In addition to the demurrer, Healthkeepers and PHI filed a motion for bill of particulars in response to the second amended motion for judgment.  In part, they requested that the plaintiffs identify each officer and agent of Healthkeepers and/or PHI alleged to have made defamatory statements as well as the substance of those statements, the dates they were made, and to whom the statements were communicated.  The circuit court took no action on this motion.

11

Inc. v. Harris, 229 Va. 1, 18, 325 S.E.2d 713, 727 (1985).

It is a court's duty to decide as a matter of law whether a communication is privileged. But, the question whether a defendant " 'was actuated by malice, and has abused the occasion and exceeded [the] privilege' " is a question of fact for a jury. Alexandria Gazette Corp. v. West, 198 Va. 154, 160, 93 S.E.2d 274, 279-80 (1956) (quoting Bragg v. Elmore, 152 Va. 312, 325, 147 S.E. 275, 279 (1929)); see also Federal Land Bank, 173 Va. at 222, 3 S.E.2d at 414; Chalkley, 150 Va. at 306, 143 S.E. at 632. Considering all the allegations in the second amended motion for judgment, not only those with regard to the alleged defamation but also the allegations concerning the circumstances attending the doctors' decision to leave their employment with RHA, we hold that the plaintiffs pled sufficient facts to survive a demurrer with regard to the issue of malice if the two remaining communications, that the doctors "abandoned their patients" and that there were "concerns about their competence," were privileged. We express no opinion on the issue of privilege.[4]

_____

[4] The defendants also assert that the federal Health Care Quality Improvement Act of 1986, specifically 42 U.S.C. § 11111(a) (2000), provides immunity to them in the context of a professional review action. However, that statute states that "no person . . . providing information to a professional review body regarding the competence or

CONCLUSION

For these reasons, we will affirm, in part, and reverse, in part, the judgment of the circuit court and remand for further proceedings consistent with this opinion.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded</u>.

---

professional conduct of a physician shall be held, by reason of having provided such information, to be liable in damages under any law of the United States or of any State . . . <u>unless such information is false and the person providing it knew that such information was false</u>." 42 U.S.C. § 11111(a)(2) (emphasis added). Similarly, Code §§ 8.01-581.16 and -581.19 provide immunity from civil liability only in the absence of bad faith or malicious intent. Thus, while we do not decide whether any of these statutory provisions are applicable in this case, we do hold that, for the reasons already stated, the plaintiffs pled sufficient facts to survive a demurrer.