64

# CIRCUIT COURT OF THE CITY OF ROANOKE

Bradley J. Cashion

v.

Robert Stephen Smith,
Carilion Medical Center, Inc.,
d/b/a Carilion Clinic General Surgery,
Roanoke City, Carilion Clinic Physicians, L.L.C.

December 8, 2010

Case No. CL09002582-00

BY JUDGE JONATHAN M. APGAR

In this case, Defendants Robert Smith, M.D., Carilion Medical Center, and Carilion Physicians, L.L.C., request that their Plea in Bar and Demurrer be sustained and the defamation allegations be dismissed. This Demurrer and Plea respond to Plaintiff's Amended Complaint that alleges Dr. Smith published false factual statements which harmed Dr. Cashion and his reputation following an emergency medical procedure at Carilion Medical Center's Roanoke Memorial Hospital.

In ruling on a demurrer, the Court considers both the facts pleaded and those that are reasonably and fairly inferred in the light most favorable to the nonmoving party. *Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 130, 575 S.E.2d 858, 860 (2003).

## I. *Statement of Facts*

On the evening of Thursday, November 19, 2009, Dr. Cashion and Dr. Smith independently provided medical care to an injured patient who had been struck by a tractor-trailer. There were several delays between when the accident occurred and when the patient finally made it into an operating

room. Dr. Smith, the primary trauma surgeon, worked with Dr. Cashion, an anesthesiologist, in an attempt to save the patient. Dr. Smith is a full time, in-house physician employed by Carilion. Dr. Cashion, however, works with Anesthesiology Consultants of Virginia and maintains a contract with Carilion to work when needed.

Dr. Cashion asserts that the several delays, institutional errors, and supply shortages encumbered his ability to provide the best possible care to the patient. Additionally, Dr. Cashion argues that Dr. Smith performed several risky procedures and failed to communicate properly with him during surgery.

The patient died despite the efforts of both doctors. In the hallway outside the operating room, and in the presence of several medical staff who had worked on this patient, Dr. Smith began criticizing Dr. Cashion's efforts to resuscitate the patient and the overall quality of his care. Specifically, Dr. Cashion avers the following were the several accusations Dr. Smith leveled against him: "He [referring to the patient] could have made it with better resuscitation." "This was a very poor effort." "You did not really try." "You gave up on him." "You determined from the beginning that he was not going to make it and purposefully did not resuscitate him." "You just euthanized my patient."

In several other meetings that day, Dr. Smith remarked that Dr. Cashion "euthanized" the patient.

Discussion of the case continued after that day's events. Dr. Smith published an e-mail stating his belief that Dr. Cashion provided substandard care to the patient. Carilion held an informal meeting on the matter when Dr. Smith stated "We [the trauma surgeons] were playing full court press and you were playing four corners." Following that meeting, Dr. Cashion asserts that Carilion ratified Dr. Smith's comments over the following weeks.

## II. *Analysis*

Defendants base their Plea in Bar and Demurrer on the argument that Dr. Smith's comments were not defamatory, represent constitutionally protected opinion, and that the comments are without liability through a qualified privilege.

### A. *Defamation Per Se*

Common law defamation is a means to protect a basic right because "the individual's right to personal security includes his uninterrupted entitlement to enjoyment of his reputation." *Tronfeld v. Nationwide Mutual Ins. Co.*, 272 Va. 709, 713, 636 S.E.2d 447, 450 (2006) (quoting *The Gazette*,

*Inc. v. Harris*, 229 Va. 1, 7, 325 S.E.2d 713, 720 (1985)). At common law, defamatory words that are *actionable per se* are:

> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished;
> (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society;
> (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment;
> (4) Those which prejudice such person in his or her profession or trade.

*Fleming v. Moore*, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981). In the current litigation, Dr. Cashion relies on the third and fourth categories of defamation *per se*.

Considering the facts in the light most favorable to the Plaintiff, Dr. Smith's statements would prejudice Dr. Cashion in his profession or trade. The fact that these comments were published in front of colleagues as well as distributed electronically satisfies the first requirement of a defamation action.

B. *Opinion Free Speech*

To be actionable under Virginia law, the statement must be both false and defamatory. Pure expressions of opinion, absent fighting words, cannot form the basis for an action for defamation under Virginia law. *Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97, 101-02 (1985). The First Amendment to the Federal Constitution and Article 1, Section 12, of the Constitution of Virginia protect an individual's right to voice his opinion. In order to separate opinion from fact, a defamatory statement "contain[s] a provably false factual connotation or statements which cannot reasonably be interpreted as stating actual facts." *Yeagle v. Collegiate Times*, 255 Va. 293, 295, 497 S.E.2d 136, 137 (1998). Courts determine whether a statement is defamatory as a matter of law. *Fuste*, 265 Va. at 132, 575 S.E.2d at 861 (2003).

Analyzing the facts under these requirements, it appears that the following remarks are statements of opinion: "He [referring to the patient] could have made it with better resuscitation." "This was a very poor effort." "You did not really try." "You gave up on him." "You determined from

the beginning that he was not going to make it and purposefully did not resuscitate him."

These comments indicate Dr. Smith's medical critiques of Dr. Cashion and are opinions which do not state actual facts.

One comment, however, does not appear to state an opinion. The alleged statement, "you [referring to Dr. Cashion] just euthanized my patient" is a provably false statement. Dr. Cashion could present evidence — and a jury could reasonably find — that he provided adequate medical care to the patient and that his actions did not amount to clinical euthanasia. *Tronfeld*, 272 Va. at 715, 636 S.E.2d at 451 (2006). Consequently, the statement "you just euthanized my patient" is actionable.

## C. *Qualified Privilege*

Defendants argue that Dr. Smith's statements remain protected by a qualified privilege, because "[c]ommunications between persons on a subject in which the persons have an interest or duty are occasions of privilege." *Larimore v. Blaylock*, 259 Va. 568, 572, 528 S.E.2d 119, 121 (2000). In order to overcome a qualified privilege, the Plaintiff must plead and prove that the behavior of the Defendant was "actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made." *The Gazette, Inc. v. Harris*, 229 Va. 1, 18, 325 S.E.2d 713, 727 (1985). Plaintiff's Amended Complaint contains allegations of malice, stated in Paragraphs 61 and 71 of Plaintiff's Amended Complaint, that the actions of Dr. Smith and Carilion Medical Center, over a period of time, were calculated to undermine Dr. Cashion in his practice because he was not a Carillon employee.

In ruling on this case, the Court, taking all of the Plaintiff's allegations as true, believes that an action has been pleaded, and there is a genuine dispute of fact regarding the issue of qualified privilege. Additionally, Virginia courts substantially agree that the issue of privilege cannot be determined on demurrer, especially when it is clear that the publication is not entitled to an absolute privilege. *Kinney v. Williamscraft, Inc.*, 14 Va. Cir. 212, 214 (1988). "Absolute privilege relates to proceedings of legislative bodies, judicial bodies, military and naval officers, and other acts of the government itself." *Id*. at 213. The remaining statement in this case, "you just euthanized my patient," does not warrant an absolute privilege; therefore, this Court overrules the Defendants' Demurrer as to qualified privilege.

## III. *Conclusion*

In the present case, the Plaintiff has pleaded facts that support an actionable claim of defamation against Defendants sufficient to overrule

the Plea in Bar and Demurrer as to the remaining statement referred to in section B of the analysis.