## CIRCUIT COURT OF WARREN COUNTY

SolAVerde, L.L.C.,
Donald F. Poe,
and Gregory A. Horton

v.

Town of Front Royal,
Chris W. Holloway,
Thomas H. Sayre,
and Carson Lauder

May 26, 2011

Case No. CL10000-521-00

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Demurrer file by Defendants, which was argued before the Court on May 12, 2011. The Court took the Demurrer under advisement to review the legal authorities cited and the legal arguments made.

### Count I: The Defamatory Acts and Tortious Interference with Business Relationship

A. *Defamatory Acts*

The Demurrer to this count, which is not a claim against the Town of Front Royal, raises a number of alleged defects in this Count against the three named individual defendants: (1) the statements are not defamatory; (2) are opinion; (3) are not identified as having been made by the three individual defendants; (4) are privileged; (5) do not identify statements made about the plaintiffs in particular; and 6) were marked confidential and

not intended for publication outside of the individuals to whom they were addressed.

In reading the Complaint, which is taken as true for purposes of the Demurrer, the gist of the defamation claimed is the publication of a defamatory statement to the local newspaper by a member of the Town Council identified as Exhibit # 5 to the Complaint. Paragraphs 36 and 37 fail to allege that one of the named Defendants "leaked" the Robinett Memorandum (Exhibit # 5) to Ben Orcutt, a reporter for the newspaper.

As to paragraph (1) above, Exhibit # 5 contains the alleged defamatory statement. It states: "The following day, I asked him specifically what he was talking about the night before, and he told me that Standard Energy/ Solar/SolaVerde or whatever had offered the Town 200 jobs (which I had heard about before, when they asked the EDA for a lease, but not from their response to the RFP) and $1.2. . . . *Two of you called me that afternoon, independently, one of the other, and asked me about the "incentives," specifically asking whether or not they were "bribes" within the meaning of the law.*"

From a reading of the Complaint, on March 30, 2010, the Town Manager, Michael Graham, was asking Thomas R. Robinett, the Town Attorney, what to do about the "incentives" offered by "Standard Energy/ Solar/SolarVerde or whatever." The Memorandum with E-Mail and Memorandum from Troutman Sanders reflecting the events of March 29-30 was sent by Robinett as Town Attorney to the Mayor and Members of Town Council on April 8, 2010. The "[T]wo of you" in the Memorandum are identified in the Complaint in Paragraph 30 as being Defendants, Chris Holloway and Carson Lauder. What is noted in italics above is the alleged defamatory statement by Defendants Holloway and Lauder.

As to Defendant Lauder, the Court has searched the Complaint for his alleged defamatory statement or statements. In paragraph 57, it is stated that the three Defendants voted on June 14, 2010, to first request a criminal investigation by the Virginia State Police. At page 11 of Exhibit 11 to the Complaint, Mr. Sayre moved to request this investigation. Later Mr. Sayre moved to refer the matter to a Special Grand Jury. In paragraph 58, Mr. Sayre "noted his hope to have an independent agency with integrity investigate the matter." *Id.* at 14.

As noted in *Fuste v. Riverside Healthcare Assoc.*, 265 Va. 127, 134, 575 S.E.2d 858 (2003), good pleading in a defamation case requires that the exact words spoken or written be set out in the declaration *in haec verba*. "Whether an alleged defamatory statement is one of fact or opinion is a question of law and is, therefore, properly decided by a court instead of a jury." *Id.* at 132-33.

The elements of a defamation claim are: (1) a defendant made a statement of fact; (2) about the plaintiff; (3) that was heard or seen by someone other than the plaintiff; (4) which statement was false; and the

defendant knew the statement was false or, believing it to be true, lacked reasonable grounds for such belief or acted negligently to ascertain the facts on which the statement was based. V.M.J.I.-Civil, vol. 2, No. 37.020

As to any alleged defamatory statement made by Defendants Holloway and Lauder, there is none. The statement about the Plaintiffs made by Michael Graham is the statement which the Plaintiffs say is false. That statement is made to Thomas R. Robinette, who reported it to the two Defendants. The two Defendants, Holloway and Lauder, asked a legal question of Robinette, the Town Attorney, about whether the "incentives" were bribes within the meaning of the law. Such a statement is not a statement of fact about the Plaintiffs and is not an opinion. It is a question. Therefore, there is no defamatory statement alleged to go forward against Defendants Holloway and Lauder.

As to Defendant Sayre, there is no statement or statements made by him about the Plaintiffs. He stated he wanted the matter raised by Mr. Robinette in his Memorandum of April 8, 2010, investigated. The wording of his request was investigation "related to the solar project, the Request for Proposal (RFP), and communications regarding the RFP between elected officials and appointed officials, including staff. . . ." Exhibit 11, page 11. On page 6 of Exhibit 11, it is noted: "Councilman Sayre asked Chief Furr questions relating to the solar/bribery issue." These words are not false statements of fact about the Plaintiffs.

As to other grounds of the Demurrer, the Court is not addressing them because no defamatory statements have been alleged.

## B. *Tortious Interference with Business Relationship*

As stated in Defendants' Memorandum, in order to state a claim for tortious interference with a business relationship or contract, a plaintiff must show: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of that specific relationship or expectancy on the part of the defendants; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the plaintiff whose relationship or expectancy has been disrupted. *Chaves v. Johnson*, 230 Va. 120-21 (1985).

In reading the Compliant, paragraph 68 is the only reference to a business expectancy or relationship of Plaintiffs. It states: "Due to tortious statements by Defendants, officials and potential customers in Tennessee and Alabama have refused to do business with Plaintiffs and have cited statements attributable to defendants regarding bribes and unethical behavior as the reason for terminating the business relationship with plaintiffs."

This claim fails as elements (2) and (3) above have not been satisfied in the pleadings. There are no such allegations.

### Count II: Damage to Reputation
### and Damage to Emotional and Mental Health

There are no new allegations regarding a defamation claim in this Count. There may be some allegation regarding the intentional infliction of emotional distress. In an action for the intentional infliction of emotional distress, the Plaintiffs have not met their burden under the test set forth in *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974), or *Jordan v. Shands*, 255 Va. 492, 498-99, 500 S.E.2d 215 (1998). The Demurrer is sustained as the Count II.

### Count III: Defamation by the Town of Front Royal

Defendant Town of Front Royal demurs to the Complaint and states that the Town is entitled to sovereign immunity because it was making a governmental decision. In other words, at all times, it was acting or engaging in a governmental, legislative, and/or discretionary capacity pursuant to lawfully delegated powers and authority.

*City of Chesapeake v. Cunningham*, 268 Va. 624, 604 S.E.2d 420 (2004), provides a very good discussion on this question and stands for applicable legal authority. It stated: "In the context of sovereign immunity, Virginia municipal corporations exercise two types of functions: governmental and proprietary. *Gambrell v. City of Norfolk*, 267 Va. 353, 357-58, 593 S.E. 2d 246, 249 (2002). . . ." *Id.* at 633. "Governmental functions are powers and duties performed exclusively for the public welfare. . . . A function are governmental if it entails the exercise of an entity's political, discretionary, or legislative authority." *Id.* at 632. "Sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions." *Id.* at 632. "This court has consistently held that, when a municipality plans, designs, regulates, or provides a service for the common good, it performs a governmental function." *Id.* at 632.

As noted in Defendants' Memorandum: "The doctrine of sovereign immunity protects municipalities from tort liability arising out of the exercise of governmental functions." *Niese v. City of Alexandria*, 264 Va. 230, 234, 564 S.E.2d 127 (2002).

The acts alleged in the Complaint amount to a governmental function by the Town of Front Royal acting in its legislative capacity regarding the consideration of solar power for the Town of Front Royal. The Demurrer to Count III is sustained.

### Conclusion

For the reasons noted above, the Demurrer as to defamation, tortious interference with a business relationship, and emotional distress is

sustained with leave granted to Plaintiffs to file an Amended Complaint within fourteen days of the entry of an order. The Demurrer as to Count III is sustained. No leave is granted to file an Amended Complaint unless good cause can be shown to permit amendment.