## CIRCUIT COURT OF THE CITY OF NORFOLK

Richard L. Owens, Sr.,
and Cynthia M. Owens

v.

DRS Automotive
Fantomworks, Inc.,
and Daniel R. Short

June 10, 2013

Case No. (Civil) CL 12-7354

By Judge Charles E. Poston

This action is before the Court upon the Plaintiffs' demurrer to the Defendants' amended counterclaim. Having considered the written submissions filed by both parties, the Court will sustain the demurrer.

### Introduction

An action for defamation is subject to a heightened pleading requirement under which the claim must be based on assertions of fact rather than opinion. *See, e.g., Fuste v. Riverside Healthcare Ass'n,* 265 Va. 127, 575 S.E.2d 858 (2003). The plaintiff's pleading must include the exact defamatory words or phrases used by the defendant in order to provide an adequate basis for the claim. *Federal Land Bank of Balt. v. Birchfield,* 173 Va. 200, 215, 3 S.E.2d 405, 410 (1939). Further, the words alleged to be used by the defendant must be facts that can be objectively determined to be true or false. *See, e.g., Jordan v. Kollman,* 269 Va. 569, 575-76, 12 S.E.2d 203, 206 (2005). In the present case, the alleged defamatory words are not pleaded with sufficient specificity and are statements of opinion rather than fact. As a result, Plaintiffs' demurrer is sustained.

## Statement of Facts

For familiar reasons, the facts are stated in the light most favorable to the Defendants, the non-moving parties. DRS Automotive Fantomworks, Inc., and Daniel R. Short ("Defendants") filed an amended counterclaim in which they allege that Mr. and Mrs. Owens ("Plaintiffs") defamed them both in a series of conversations over the course of several months. Plaintiffs began working with the Defendants in July of 2012 to modify a 1960 Thunderbird. The parties agreed that Defendants would convert the 1960 Thunderbird into a 1960 Thunderbird Police Interceptor. Over the course of several months the Plaintiffs supplied the Defendants with two separate $15,000 deposits. The Defendants used this money for restorations, repair work, and parts expenditures including their purchase of a 2001 Ford Police Interceptor from Alexander Theiss to aid in the modification. Plaintiffs requested supporting documentation for these expenditures, but the Defendants failed to supply the paperwork. Subsequently, Plaintiffs requested the return of the Thunderbird, but the Defendants refused to release it until the Plaintiffs paid them an additional $3,313. Plaintiffs then filed the underlying action that includes claims for breach of contract, violation of the Virginia Consumer Protection Act, and fraud relating to the modification of the Thunderbird and purchase of the Ford Police Interceptor. This demurrer relates to an amended counterclaim filed by Defendants alleging the Plaintiffs defamed them following their refusal to return the Thunderbird. Plaintiffs filed this demurrer asserting that Defendants have failed to allege sufficient facts to plead a claim of defamation.

The Defendants' amended counterclaim alleges that the following statements were made by the Plaintiffs to Theiss and his military superiors:

> (a) The business practices of Mr. Short are: illegal, criminal, shady, and not on the up-and-up, (b) Mr. Short and his business were under criminal and civil investigation, (c) that the 2001 Ford automobile was likely stolen by Mr. Short and his business, (d) that Mr. Short was a liar regarding the history of the 2001 Ford, and (e) that Mr. Short deceived and overcharged Mrs. Owens and Mr. Owens for the 2001 Ford.

Countercl. Pl. Mem. Supp. Overruling Dem. 1. There are only two direct quotes found in the Defendants' pleadings: Plaintiffs call Defendants a "liar," Countercl. Pl. Am. Countercl. ¶ 8, and Plaintiffs claim Defendants sold vehicles with "open-titles," *Id.* at ¶¶ 9, 10. Otherwise, the Defendants do not include any verbatim quotations of the Plaintiffs in alleging defamation within the pleadings.

*Pleadings Are Not Sufficiently Specific*

The Defendants' pleadings fail to reach the heightened pleading requirement for defamation because there is a glaring lack of exact words or phrases used by the Plaintiffs. "Good pleading requires that the exact words spoken or written must be set out in the declaration in *haec verba.* Indeed, the pleading must go further; that is it must purport to give the exact words. . . . Words of equivalent or similar import are not sufficient." *Morris v. Massingill,* 59 Va. Cir. 426, 428 (Norfolk 2002) (quoting *Federal Land Bank of Balt.,* 173 Va. at 215, 3 S.E.2d at 410). Courts will generally find that a pleading is specific enough when it substantially lists the exact words that are alleged to be defamatory. *See Fuste,* 265 Va. at 133-34, 575 S.E.2d at 862 (overruling a demurrer on defamation claim because there were multiple references to direct quotations made by the defendant). A demurrer is sustained when the plaintiff does not include a sufficient amount of the exact words or phrases alleged to be used by the defendant. *See Federal Land Bank,* 173 Va. at 215, 3 S.E.2d at 410; *Tomlin v. International Bus. Mach. Corp.,* 84 Va. Cir. 280, 284-87 (Fairfax Co. 2012) (sustaining a demurrer because plaintiff's reference to a single quotation made by defendant was not "sufficiently particular"); *Long v. Old Point Bank of Phoebus,* 41 Va. Cir. 409, 417-18 (Norfolk 1997) (sustaining a demurrer because the alleged statements were only conclusions of what the defendant may have said and were not the exact words used).

The defamatory statements asserted in the Defendants' pleadings only include two single-word quotations of what the Plaintiffs allegedly said. All other purported defamatory statements are summarizations or generalizations of what the Plaintiffs supposedly said. The present case closely resembles the alleged defamatory words which were rejected by this Court in *Long, supra.* Here, the Defendants are merely approximating what the Plaintiffs said without providing the exact phrasing. As in *Tomlin,* the inclusion of a few small quotations is not sufficient to sustain a defamation claim. By not providing direct quotations, the Defendants could potentially frame the Plaintiffs' statements in such a way that favors their claims. The requirement that exact words be included when defamatory statements are alleged ensures there is no resulting bias to the Plaintiffs. The Defendants did not provide a sufficient amount of exact words or phrases to survive Plaintiffs' demurrer. Furthermore, the words quoted were stated without any context with which to interpret their meaning.

*Statements Are Based on Opinions Not Facts*

Even if the Defendants were to satisfy the specificity standard, Plaintiffs' demurrer must be sustained because the alleged statements are based on opinion rather than fact. A key distinguishing factor between fact or opinion is whether the statement can be objectively characterized as true or false.

*Jordan*, 269 Va. at 575-76, 612 S.E.2d at 206. A statement is also considered an opinion if it is relative in nature and can be considered dependent on the speaker's viewpoint. *See Jarrett v. Goldman*, 67 Va. Cir. 361, 371-72 (Portsmouth 2005). In *Jarrett*, the court held that the defendant's statements claiming the plaintiff would "screw up" up his accounts were based on opinion and not verifiable fact. *Id.* Also, the court in *Fuste* held that the defendant's descriptions of the plaintiff as "unprofessional" and "uncooperative" did not have a factual basis because they are dependent on the defendant's viewpoint. 265 Va. at 130-33, 575 S.E.2d at 860-62.

Defendants do not provide any statements that could be objectively characterized as true or false. Words or phrases such as "shady" or "overcharged" are clearly dependent on the Plaintiffs' viewpoint. Also, claiming that the Defendants were "under criminal and civil investigation" involves generalizations that would require the Plaintiffs to define the terms based on their own knowledge, thus making those terms expressions of an opinion. Additionally, the Plaintiffs stating the car was "likely stolen" by the Defendants is a noncommittal statement that is meant to be taken as opinion. Finally, calling the Defendant a "liar" displays Plaintiffs' viewpoint of the situation and can certainly be considered mere puffing of what took place. This quote, given without any context, is so vague as to be meaningless. Defendants do not provide any statements that are clear assertions of fact, thus Plaintiffs' demurrer must be sustained.

### Conclusion

The Defendants have failed to meet the heightened pleading requirement for defamation and have also failed to include any statements that are based on facts rather than opinions. The Court will sustain the demurrer and dismiss the amended counterclaim.