# CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas P. Cox

v.

MAG Mutual Insurance Co.,
Riggs, Counselman,
Michael & Downes, Inc.,
and John L. McElroy, III

May 1, 2014

Case No. CL14-553

By Judge Melvin R. Hughes, Jr.

Regarding the defendants MAG Mutual Insurance Co. (MAG) and Riggs, Counselman, Michael & Downes, Inc. (RCMD) demurrers that were heard and argued April 11, 2014, after reading the recent case of *Dunlap v. Cottman Transmission Sys., L.L.C.*, 287 Va. 207, 754 S.E.2d 313 (2014), and considering the argument and the defendants' memorandum and brief in support of demurrers, the court decides to sustain the demurrer. At the hearing, plaintiff notified the Court and counsel of his intent to nonsuit defendant McElroy.

Under well-known principles, a "demurrer tests the legal sufficiency of facts alleged in pleadings." *Glazebrook v. Board of Supervisors of Spotsylvania*, 266 Va. 550, 554 (2003). On demurrer, the court admits the truth of all material facts properly pleaded, as well as any facts that may reasonably and fairly be implied from the facts alleged except the correctness of legal conclusions. *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 132 (2013).

Under Virginia law, an insurer must accept an insured's request to change an agent of record (AOR) who has been duly appointed by the insurer effective upon the next renewal of the policy. See Va. Code § 38.2-1812(G). To be effective, the writing to make the change must include the new agent's signature.

Defendant MAG issues insurance policies to physicians covering medical malpractice. Defendant RCMD is a brokerage firm that MAG appointed to

sell its policies. Here, plaintiff Thomas P. Cox, a licensed insurance agent alleges that the defendants conspired and tortiously interfered to injure him in his property rights and business expectancy.

According to the Complaint, after he became employed with Charles Lunsford Sons and Associates (Lunsford), an insurance brokerage firm, certain MAG customers sought to replace him for RCMD as their AOR when their respective policies were to be renewed. Cox alleges that MAG and RCMD conspired to refuse the requests in violation of Va. Code § 32.2-1812(G). For this, the defendants should be held liable under common law and statutory conspiracy claims and tortious interference claims.

Recently, the Virginia Supreme Court in *Dunlap* ruled that tortious interference with contract and tortious interference with business expectancy can be predicate torts under Virginia's conspiracy statute found in Va. Code § 18.2-500. *Dunlap*, 754 S.E.2d at 315. These predicate torts are stand-alone ones which can be pleaded and proved based on independent duties arising apart from contract. It is also well known that these torts are provable upon a showing of the defendant's commission of a separate tort or the use of improper methods or means short of proof of a separate independent tort. *See Duggin v. Adams*, 234 Va. 221 (1887). Here, the demurrers raise the issue of whether the Complaint is sufficient in law to mount claims for conspiracy, either common law or statutory, and for tortious interference with business expectancy.

According to the Complaint with exhibits attached, Cox did not actually receive an appointment from MAG at the time two of the three policies mentioned renewed. It is also evident therefrom that Cox did not sign any of the mentioned AOR letter writings for agency designation. See first full paragraph of defendant MAG Mutual Insurance Company's Brief in Support of Demurrer, page 6, with which the court agrees. In addition, as alleged, the Complaint is devoid of any allegation of a wrongful, illegal, or improper act upon which claims for common law or statutory conspiracy and tortious interference can rest. The Complaint only makes out a decision for a change of agency without an illegal or improper action. For these and the other reasons stated in the defendants' memorandum and brief in support, the demurrers are sustained.

Plaintiff shall be granted leave to amend within twenty days of this order; defendants' responses are to be filed ten days following receipt of any amended pleading.