# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Virginia Prosthetics, Inc.

v.

Bryan C. Fuller

July 22, 2015

Case No. CL 14-92

BY JUDGE RICHARD E. MOORE

I have now had time to review the entire file, particularly all pleadings, memoranda, and correspondence relating to Defendant's Counter-Complaint and Plaintiff's Demurrer to the Counter-Complaint, as well as my notes from the last hearing. I appreciate your letters of June 16 and June 18, respectively, in response to my letter of June 11. And I have considered the cited authorities. The only pertinent and controlling authority was Virginia Supreme Court case *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127 (2003), but there were several Virginia circuit court and U.S. district court cases that were instructive and helpful.

After Defendant's Demurrer to the Complaint was overruled, on July 11, 2014, Defendant filed his Answer as well as a Counter-Complaint on August 1, to which Plaintiff demurred on August 22.

The Counter-Complaint asserts four causes of action: (1) tortious interference with a business expectancy, (2) defamation, (3) tortious interference with a contract, and (4) conspiracy to interfere with a contract and a business expectancy.

Plaintiff's (Counter-claim Defendant's) Demurrer asserts four points: (1) Defendant (Counter-claim Plaintiff) has not sufficiently alleged and pleaded a business expectancy; (2) Defendant has failed to plead specific defamatory words by and to specific individuals; (3) Defendant was not a party to the health insurance contract purportedly interfered with; and (4) Woodrow Wilson Rehabilitation Center cannot simultaneously conspire with someone to interfere with a business expectancy of another to work with WWRC and provide the basis for such expectancy; if they

were conspiring against Defendant, there could not have been a legitimate business expectation.

## Business Expectancy

As to the first claim, the Court is persuaded by Plaintiff's arguments. While not needing to be alleged in detail, there must be some facts alleged that support a legitimate business expectancy. A business expectancy is not just a personal expectation or plan. "Business expectancy" is a term of art. It does not mean "business hope." A business "possibility" is not a business expectancy. *Williams v. Reynolds*, 2006 U.S. Dist. lexis 79178, p. 17; 2007 WL 3198968, p. 17 (W.D. Va. 10/31/2006) ("[M]ere subjective expectations … are not enough… . [P]laintiff must show … a probability, not mere possibility, of future economic benefit"). There must be some objective basis for it. It cannot be subjective, speculative, remote, or a "mere possibility." *Tharpe v. Lawidjaja*, 8 F. Supp. 3d 743, 771 (W.D. Va. 2014) ("a probability of future economic benefit" and "a reasonable certainty" that such would have been realized absent defendant's actions); *BB&T v. Rutherfoord*, 80 Va. Cir. 174, 181 (City of Richmond 2010) ("A plaintiff's subjective belief and hope that a business relationship will continue is inadequate… ."); *X-IT Products v. Kidde*, 155 F. Supp. 2d 577, 653 (E.D. Va. 2001) ("[M]ust present objective proof that the expectancy would materialize… . Subjective expectancies are insufficient… . [B]elief and hope … is inadequate… . [A] mere possibility … will not suffice."); and *Tysons Toyota v. Commonwealth Life*, 20 Va. Cir. 399, 403 (Fairfax County 1990) (must show a "reasonable certainty" of "specific prospective business relationships").

It is not alleged that such was based on a contract or past dealings or any discussions with Woodrow Wilson Rehab Center. Defendant does allege that his business expectancy with some former patients and vendors was based on prior dealings, but, with one exception, he alleges no facts to indicate a basis for his expectation to continue dealing with them. That is, he does not allege that the prior vendors were satisfied with his relationship with them or that they had expressed any intention to continue to work with him, were expecting to, requested such, or had reached any agreement with him. While he asserts that he has worked with vendors a number of years while at Virginia Prosthetics, Inc. ("VPI"), this does not create a business expectancy that was objectively a substantial probability. The one exception is his alleged relationship with prior patients, with whom he had worked before coming to Virginia Prosthetics. The Court is of the view that this is a possible specific basis for asserting a reasonable business expectancy with some former patients that would survive his time at Virginia Prosthetics ("VPI"), if they were outside of the Charlottesville-Albemarle area. If this expectancy were interfered with by the wrongful actions of VPI, such could

be actionable. However, he names no specific vendor or former patient that he had a legitimate, objective expectancy in relation to.

So I will sustain the Demurrer as to count one. I will however, allow Defendant twenty-one days to file an amended Counter-Complaint in which he may plead specific facts for a true business expectancy, if he can.

### Defamation

As to the second claim, I am also persuaded of the correctness of Plaintiff's position. Unlike most civil claims, for defamation to be properly pleaded, the exact words alleged to be defamatory must be specifically set forth, and the maker must be alleged. *Fuste v. Riverside Healthcare*, 265 Va. 127, 133-34 (2003) (must give "exact words", not mere opinions, and be "provably false," or "demonstrably true or false"); *Owens v. DRS Auto*, 87 Va. Cir. 30 (2013) ("exact phrasing," "exact words," not "summarizations or generalizations," and "statements that could be objectively characterized as true or false"). Defamation may not be pleaded generally. So I will also sustain the Demurrer on the second point.

There appear to be eight separate allegations of defamation, or purportedly false statements:

(1) Woodrow Wilson Rehab Center "should not work with" Mr. Fuller;

(2) Fuller's former patients disliked him;

(3) Fuller's patients were angry with him, due to the inferior quality of his work and services;

(4) Fuller "frequently lied to" his patients;

(5) He was professionally incompetent;

(6) He was mean, uncooperative, and unprofessional, and that, as a consequence, he had conflicts with his co-workers;

(7) Working with Mr. Fuller would have a detrimental effect on WWRC's business; and

(8) He was terminated because of professional incompetence, dishonesty, and meanness, etc.

It is the Court's view that points 1, 5, 6, and 7, above, are general statements and matters of opinion, and cannot properly be the basis of a defamation claim, even if the maker were alleged. If those were the statements made by VPI or its agents, they cannot be proved true or false.

As to the other four (2, 3, 4, and 8), however, I find that the specific statements are not mere opinion and, if specifically pleaded, can be proved false or not. I believe it *could* be shown by evidence that some of his patients disliked him, that his patients were angry with him, that he lied to his patients, or that he was terminated because of such misbehavior; whether it can be or will be proved by a preponderance of the evidence, or not, remains to be seen. The issue is whether the statements attributed to Plaintiff are potentially provably false. For example, the second point, above, that he was disliked by his patients, while it may seem vague, I do

believe is susceptible to proof. Plaintiff could possibly present evidence either that such statement was not made or that there were in fact patients who did not like Mr. Fuller. In the absence of such proof by Plaintiff, Defendant may be able to prove that the statements, if made, were false and defamatory. Similarly, if he lied to his patients (# 4), Plaintiff should be able to give examples of this, and, if it cannot, Defendant may be able to show this statement, if made, was false. (The Court finds that a statement that "Defendant lied to his patients" is different from a general character statement that "he is a liar," or "he lies," which may well be subjective, opinion, or hyperbole.)

But with the exception of the allegations that he "frequently lied to his patients" (and that Woodrow Wilson "should not work with" him, which is opinion), he does not allege the exact words.

Also, aside from the content of the statements and provability of their falsity, the Defendant must allege who made the statements. As to statements 2, 3, 4, and 8, above, no maker and no hearer (vendor, former patient, or other person) is named or specifically alleged. (According to *Fuste*, above, the person to whom the statements are made does not have to be alleged, and can be conveyed in a Bill of Particulars, but it is a consideration.)

So I will sustain the Demurrer on this count as not specifically pleaded as to the exact words used or who made such statements. But I will also allow Defendant to file an amended complaint within twenty-one days as to points 2, 3, 4, and 8, more specifically alleging the exact words, and the speaker of the words alleged to be defamatory.

### Interference with Contract

As to the third point, I will deny Plaintiff's request and overrule the Demurrer. While the primary contract may have been between Virginia Prosthetics and Anthem, I find that Fuller was also a party to that contract, in that he has specific rights that he could pursue directly with Anthem. If that were not the case, employee health insurance policies would make no sense; any insurance claim would then be with the employer, which is not the case. Clearly they are at least a third-party beneficiary to the main contract, but I find they also are a party to that same contract, such that interference with such, if proved and unjustified, is actionable. I believe it is pleaded specifically enough for Virginia Prosthetics to answer and defend the Counter-Complaint on this point.

### Conspiracy To Interfere with Business Expectancy or Contract

Finally, on the last point, I find Plaintiff's arguments appealing; aside from there being no well-pleaded business expectancy or contract to interfere with, if Defendant had a legitimate, objective business expectancy based on a relationship to WWRC (subject to being properly pleaded in

Count One, above), it is logically inconsistent to think that Woodrow Wilson was simultaneously conspiring to interfere with that business expectancy. If WWRC was conspiring with Virginia Prosthetics against Fuller from the beginning, conspiring to interfere with Fuller's "expectancy," arguably a real business expectancy did not exist. Woodrow Wilson could not have been promoting and undermining such expectancy at the same time.

However, I find that these are factual, evidentiary arguments to be made to the factfinder. Also, these arguments do not take into account the timing or sequence of events. If the Defendant can prove that there was in fact a business expectancy or contract right and that, after such came into existence, Woodrow Wilson, through its agents, for its own reasons, chose to try to undermine either the contract or the business expectancy and conspired with Virginia Prosthetics and its agents to defeat such reliable contract right or business expectancy, I believe the Defendant will have proved his case. So I believe that this count has been sufficiently pleaded to allow the Plaintiff to respond and defend. But only one person outside of Virginia Prosthetics, the family member of Mr. Thorne, is named, and no others are specifically alleged. So I will overrule the Demurrer on this count, but will limit proof of the conspiracy with VPI to the three named WWRC officials, Call, Craft, and Reed, or Ms. Thorne. So, in effect, I am sustaining the Demurrer on this point as to any other conspirator, unless an amended pleading is filed.

This ruling, however, is dependent on the Defendant pleading and showing some business expectancy based in contract right or otherwise. Without that, they will not be able to sustain an allegation of conspiracy to interfere with such. I am not, however, requiring them to re-plead the conspiracy count, but will consider the re-pleading of Count One to sufficiently put the Plaintiff on notice on this point to try the matter. If the underlying business expectancy is not sufficiently re-pleaded, that may well then lead to other pre-trial motions or motions at trial.