******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

LAVINE, J., concurring. I concur in the result, but write separately to express my disagreement with one aspect of the majority opinion.

The majority concludes that the statement made by the defendant Christopher Andrew Walston[1] to a reporter—"I nailed him, and I nailed him good"—is a statement of fact, as claimed by the plaintiff, Nicholas Crismale, not a statement of opinion, as asserted by the defendant, but is not defamatory. The majority opinion states that "it appears clear to us that the defendant was telling the reporter that he was the person responsible for alerting the authorities to the plaintiff's activities; he detected those activities and exposed them to the enforcement officers, which is exactly what the parties agree happened in this case."

I do not agree. In my view, the statement could be viewed as a statement of fact or a statement of opinion or an amalgam of both. It could be viewed as a statement of fact if interpreted to mean: "I am responsible for his arrest." However, to conclude that it is *merely* a statement of fact, the majority engages in some creative interpretation of the statement. The statement can be viewed as, in part, expressing an opinion because stating that you have "nailed" someone "good" does not seem to be merely a statement of objectively verifiable fact; rather, it also carries the broader implication that a bad person is getting his or her just desserts by being harshly and deservedly punished. It is factual insofar as it states that the defendant's actions caused the plaintiff to be arrested; but it carries an implication of opinion insofar as it expresses the speaker's view that someone who *ought* to be punished *is being* punished. It is, in other words, not a mere factual assertion, but also a gleeful proclamation that justice has been done.

In determining whether a statement is fact or opinion, which is a question of law; see *Goodrich* v. *Waterbury Republican-American, Inc.*, 188 Conn. 107, 110, 448 A.2d 1317 (1982); context is critical. "To determine whether a statement constitutes protected opinion or actionable fact, courts consider the totality of the circumstances, including such factors as: (1) the specific language used; (2) whether the statement is verifiable; (3) the general context of the statement; and (4) the broader context in which the statement appeared.

"The emphasis in the test for determining the actionability of an allegedly defamatory statement of opinion is whether the statement contains an objectively verifiable assertion. To ascertain whether the statements in question are provably false factual assertions, as required for defamation liability, courts consider the totality of the circumstances. In applying the totality

of the circumstances test for determining whether a published statement constitutes an 'opinion,' the court seeks to determine whether the allegedly defamatory statements are objectively capable of proof or disproof, for a reader cannot rationally view an unverifiable statement as conveying actual facts. Where the allegedly defamatory statement lacks a plausible method of verification, a reasonable reader will not believe that the statement has specific factual content.

"It has also been ruled that in the context of a defamation claim, the test for whether a statement constitutes fact or opinion is whether an ordinary or reasonable person would be likely to understand the remark as an expression of the source's opinion or as a statement of existing fact . . . ." (Footnotes omitted.) 50 Am. Jur. 2d 533–34, Libel and Slander § 163 (2017).

Colloquial and figurative expressions used to embellish disclosed facts may be viewed as statements of opinion. *Goodrich* v. *Waterbury Republican-American, Inc.*, supra, 188 Conn. 121–22. In addition, "[s]tatements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion." *Fuste* v. *Riverside Healthcare Assn., Inc.*, 265 Va. 127, 132, 575 S.E.2d 858 (2018).

I would also note that the defendant repeated his statement that he had "nailed" the plaintiff. The second iteration was for emphasis, which, I think, supports the argument that the statement is tinged with opinion.

Under all of the circumstances, I believe that the statement resides more on the opinion side of the ledger and, thus, cannot be defamatory. However, I am unaware of any case decided by our Supreme Court or this court that clearly addresses this question in the present context.

For the foregoing reasons, I respectfully concur in the result.

[1] Jeffrey Samorajczyk and Todd Aaron Chemacki were also named as defendants. The trial court rendered summary judgment in favor of those defendants, and the merits of that judgment are not before this court. Throughout this concurring opinion, I, thus, refer to Walston as the defendant. See footnote 1 of the majority opinion.